UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL SKIDMORE,

        Plaintiff,

   v.

                                     Case No. 12-10202

EQUIFAX, INC., et al.                Honorable Julian Abele Cook, Jr.

            Defendants.


<u>ORDER</u>

      In this case, the Plaintiff, Daniel Skidmore, filed a complaint in which he alleged that Equifax, Inc. ("Equifax")[1] had failed to correct an erroneously low score on his credit report in violation of various federal and Michigan state laws. Several months later, Skidmore amended his complaint to include a claim of fraudulent misrepresentation against (1) CitiMortgage, Inc. ("CitiMortgage"), (2) its counsel, Robert Hugh Ellis, and (3) the law firm of Dykema Gossett, PLLC,[2] alleging that they had falsely informed him that CitiMortgage had filled its obligation to communicate the correct credit information to Equifax.

      Presently before the Court is the Dykema Defendants' motion to dismiss the claim of fraudulent misrepresentation.

I.

      The underlying allegations by Skidmore in this case relate to his earlier lawsuit against

---

[1] Equifax and Equifax Information Services are no longer Defendants in this matter. The claims against these parties were dismissed with prejudice on January 24, 2013.

[2] The Court will refer to Ellis and Dykema Gossett PLLC collectively as "the Dykema Defendants."

CitiMortgage which was eventually resolved as the result of a settlement agreement between the two parties. In the prior litigation, Skidmore complained that CitiMortgage had incorrectly reported a delinquency by him in making his mortgage payments. According to Skidmore, this negative information caused his credit score to drop substantially. Under the terms of the settlement agreement between the parties, CitiMortgage was required to instruct credit reporting agencies to remove this information from his credit report.

Two credit reporting agencies (TransUnion and Experian) appear to have removed the identified negative data from Skidmore's credit report after receiving instructions from CitiMortgage. However, Equifax - a third credit reporting agency - delayed its update of Skidmore's credit score, claiming that it never received the corrected information from CitiMortgage. In an attempt to expedite the process, Skidmore contacted CitiMortgage (through its counsel, Ellis) to determine if and when it had conveyed the corrected credit information to his client.

According to Skidmore, Ellis falsely represented to him that CitiMortgage had fulfilled its obligation under the settlement agreement. Specifically, Skidmore submits that Ellis made the following statements to him: (1) CitiMortgage "did in fact complete the transmission of the corrections to Equifax"; (2) a copy of the transmission contained a code which "indicated that the transmission from [CitiMortgage] to Equifax was complete and confirmed"; and (3) CitiMortgage "was under no further obligation under the parties' Compromise Settlement and Release Agreement." After learning of Ellis's statements, Equifax told Skidmore that these representations must be false because it had never received the instructions and the supposed confirmation code did not indicate that a transmission had been completed.

2

On January 17, 2012, Skidmore initiated this lawsuit against Equifax. Several months later, on April 9, 2012, Skidmore amended his complaint to add Equifax Information Services, CitiMortgage, Ellis, and Dykema as Defendants. Presently, only the claims against CitiMortgage, Ellis, and Dykema remain.

## II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the plaintiff's well-pleaded allegations as true and should construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of

3

the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10©)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Furthermore, those "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to a motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

III

The Dykema Defendants submit that Skidmore's claim of fraudulent misrepresentation must be dismissed because he has failed to (1) allege the required elements of fraudulent misrepresentation as required by Fed. R. Civ. P. 12(b)(6) and (2) satisfy the particularity requirement of Fed. R. Civ. P. 9(b). Skidmore disagrees, contending that he properly alleged each of the essential elements with the requisite particularity.

Under Michigan law, the elements of fraudulent misrepresentation are as follows:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive

4

> assertion; (4) that he made it with the intention that it should be
> acted upon by plaintiff; (5) that plaintiff acted in reliance upon it;
> and (6) that he thereby suffered injury.

*Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012). "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Id.*

The Dykema Defendants initially contend that Skidmore cannot establish that Ellis's statements were false because he does not know with certainty that CitiMortgage actually failed to transmit the instructions. As Skidmore admits in his complaint, Equifax may have falsely told him that it never received the instructions when, in fact, it did. The Dykema Defendants submit that this deficiency is fatal to Skidmore's claim. Skidmore, on the other hand, maintains that either Equifax or CitiMortgage and the Dykema Defendants lied to him. Thus, in his opinion, he has pled the required facts in the alternative, as permitted by Fed. R. Civ. P. 8.

A claim is not rendered defective merely because it is pled in the alternative. Such pleading is expressly permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively . . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). The Dykema Defendants have cited no persuasive legal authority which suggests that alternative pleading is precluded by Fed. R. Civ. P. 9(b) in a fraud case. *Cf. Ramirez v. Int'l Bus. Machines Corp.*, 829 F. Supp. 2d 555, 563 (E.D. Mich. 2011) ("Neither the Federal Rules of Civil Procedure nor case law precludes alternative pleading.").

The Defendants' contention that the claim cannot be sufficiently pled without discovery is similarly not persuasive. In this case, Skidmore alleges that the statements by Ellis were not true

5

because (1) the corrective instructions were never transmitted to Equifax, and (2) the alleged transmission does not contain a confirmation code. Skidmore need only allege a sufficiency of   facts to indicate that the claim is based on more than mere speculation. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). He need not produce actual evidence sufficient to prove his claim. The allegation that Equifax representatives and its counsel advised Skidmore that (1) no instructions had been received from CitiMortgage, and (2) the purported transmission did not contain a confirmation code raises Skidmore's claim beyond the realm of mere speculation. Although Skidmore may require additional discovery in order to prevail on this claim, he does not necessarily need additional discovery to plead it. Thus, his allegations of false statements have been sufficiently pled to survive a 12(b)(6) motion to dismiss.

The Dykema Defendants next assert that Skidmore's complaint does not satisfy the pleading requirements within one of the Federal Rules of   Civil Procedure which states the following: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy the requirement of particularity, a plaintiff is required "at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks omitted); *see also Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)

(describing particularity requirement of Rule 9(b) as specifying (1) alleged fraudulent statements, (2) speaker of statements, (3) where and when statements were made, and (4) why they were fraudulent); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (Rule 9(b) requires "plaintiff [to] specify the who, what, when, where, and how of alleged fraud" (internal quotation marks omitted)).

In this case, Skidmore has identified the speaker and the content of the misrepresentations, as well an explanation as to why he believes that the statements were false, and the resulting delay in repairing his credit. However, he has failed to allege any facts regarding the dates and places of the false statements or his acts of reliance. This deficiency is presumptively fatal to his claim. *Coffey*, F.3d at 161-62; *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 852-53 (6th Cir. 2006) (Rule 9(b) requires plaintiff to plead detrimental reliance with particularity). Skidmore asserts that additional specifics are unnecessary given the limited number of communications between the parties. The Court disagrees. According to Skidmore's brief, the relevant communications occurred over a period of approximately ten months (between May 2011 and March 2012). These Defendants are entitled to know exactly when the allegedly false statements were made as well as when and how Skidmore purportedly acted upon them. Although Skidmore is not obliged to produce evidence to support his claim at this stage of this proceeding, he is required to allege the particular facts surrounding the circumstances of the fraud. Because he has failed to do so, his claim of fraudulent misrepresentation must be dismissed. However, in light of his request for leave to amend the complaint, this dismissal is without prejudice. *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) ("[W]here a more carefully drafted complaint might state a claim, a

plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."); *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010) ("[D]ismissal with prejudice on the basis of failure to plead with particularity ordinarily should be done only after the plaintiff has a chance to seek leave to amend the complaint.").

In his response, Skidmore has requested that sanctions be imposed against the Dykema Defendants for (1) filing a motion to dismiss that is frivolous and harassing and (2) failing to request concurrence pursuant to E.D. LR 7.1. This request is denied because the Court does not believe that this challenged dispositive motion by the Dykema Defendants was frivolous or could be reasonably interpreted as being an act of harassment.

As to the alleged failure to request concurrence, Skidmore has not produced any persuasive evidence that the movants violated E.D. LR 7.1. This Rule requires a moving party to "ascertain whether the contemplated motion . . . will be opposed." If concurrence was not obtained, the movant must indicate that "there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the [movants] explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." In this case, the email correspondence between the parties indicates that the Dykema Defendants provided Skidmore with a copy of the motion and sought concurrence prior to filing. Skidmore responded unequivocally that it was his intention to oppose the projected motion. Faced with this response, the Dykema Defendants' decision to forego further discussion and, thereafter, file the motion with the Court was appropriate under the circumstances.

IV.

For the reasons that have been set forth above, the Court grants the Dykema Defendants' motion to dismiss (ECF No. 10) and denies Skidmore's request for the imposition of sanctions.

IT IS SO ORDERED.

Date: March 6, 2013                                   s/Julian Abele Cook, Jr._____
                                                      JULIAN ABELE COOK, JR.
                                                      U.S. District Judge

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 6, 2013.

                                                      s/ Kay Doaks_____
                                                      Case Manager

9